IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

GUY JONES,

               Plaintiff,               No. 2:12-cv-01516-KJM-DAD

   vs.

3701 J STREET, LLC,

               Defendant.             <u>ORDER</u>

_____/

        This matter is before the court on plaintiff's motion for sanctions. (ECF 29.) A hearing was held on March 29, 2013. Catherine Cabalo appeared for plaintiff; Ernest Chen appeared for defendant. For the reasons below, plaintiff's motion is DENIED.

I.      Procedural Background

        Plaintiff filed his complaint on June 5, 2012, alleging violations of the American with Disabilities Act (ADA) and related California statutes. At a hearing on November 8, 2012, before the assigned magistrate judge, the parties requested an early settlement conference. (ECF 20.) A settlement conference before that same magistrate judge was held on February 13, 2013. (ECF 26.) Plaintiff's attorney Catherine M. Cabalo was present for plaintiff; defendant's attorney Ernest Chen was present for defendant. (*Id.*) The parties did not settle. (*Id.*) On February 19, 2013, the parties filed a stipulation to stay the case. (ECF 27.) In

1

that stipulation, the parties attested they had participated in a settlement conference and "have agreed to continue cooperative exchanges of information over the next 100 days." (*Id.* at 2.) The parties also asserted they believed "additional time for continued negotiations will narrow the issues to be addressed at trial and/or facilitate settlement." (*Id.*) Based on these assertions, this court granted the stay on February 22, 2013.

II.     Motion for Sanctions

On March 1, 2013 plaintiff filed the present motion for sanctions for defendant's failure to appear at the February 13 settlement conference. (ECF 29.) Plaintiff asserts that because a principal of defendant 3701 J Street, LLC did not appear at the settlement conference, defendant violated the Federal Rules of Civil Procedure, Local Rule 270, and the court's November 14, 2012 scheduling order, all of which require in the disjunctive that counsel appear with a principal with full settlement authority or be fully authorized to settle the matter. (*Id.* at 4–5.) Plaintiff argues that because no principal was present, settlement was impossible. (*Id.* at 2.) In support of this contention, plaintiff has filed several declarations. Only the sworn declaration of plaintiff's counsel Catherine M. Cabalo speaks to the merits of the motion, however. (Cabalo Decl., ECF 30.)[1] In that declaration, plaintiff's counsel affirms that defendant's counsel Ernest Chen appeared at the settlement conference at 9:00 a.m., but "[n]o representative for defendant 3701 J Street, LLC showed up during the settlement conference," hence the magistrate judge "concluded the settlement conference shortly after 10:00 a.m. as it was pointless without the defendant property owner's participation." (*Id.* ¶ 3.) This is the only portion of the Cabalo declaration that is relevant to the settlement authority question.

On its face, the Cabalo declaration simply states that no representative from the defendant corporation was present. (*Id.* ¶ 3.) It does not assert that no one at the settlement conference had authority to settle on defendant's behalf. (*Id.* at 1, 3.) In particular, the declaration does not say that defendant's counsel Chen did not have full settlement authority.

---

[1] The other declarations relate to the dollar amount of sanctions by establishing each declarant's qualifications and hourly rates. (*See* ECFs 31–34.)

2

Defendant filed its opposition on March 14, 2013, accompanied by three declarations, only two of which are verified.[2] (ECF 36.) In its brief, defendant explains that a representative of the defendant LLC, Thomas Lininger, was scheduled to appear at the settlement conference, but he was detained by a deposition in another case. (ECF 36 at 2.) Lininger tapped Frank Sim, another representative, to attend the settlement conference. (*Id.*) Sim, unfamiliar with the federal courthouse location and the nature of the proceedings, did not appear on time. (*Id.*) Sim's verified declaration bears out these assertions. (Sim Decl. ¶¶ 5-10, ECF 42-1.) Sim also asserts he was not willfully avoiding attendance. (*Id.* ¶ 11.) Moreover, defendant's counsel affirms in his sworn declaration that he had full settlement authority at the settlement conference. (Chen Decl. ¶ 8, ECF 42 (stating "[a]t the time of the Settlement Conference . . . I came prepared with full settlement authority for Defendant 3701 J Street, LLC").)

On March 22, 2013, plaintiff filed a reply accompanied by another sworn declaration from plaintiff's counsel Cabalo. (ECF 38, 39.) In her second declaration, Cabalo labels Chen's assertion that he had full settlement authority as "ad hoc excuse-making" and unsupported by Chen's behavior at the settlement conference. (ECF 39 ¶ 2.) Cabalo cites four instances of Chen's behavior: 1) he was "on the phone trying to reach his client at the beginning of the settlement conference"; 2) he was "apologetic" his client did not show up throughout the conference; 3) he conceded at the start of the conference he did not know where his client was; and 4) he "appeared frustrated when a man, presumably Frank Sim, appeared in the courtroom well after Judge Hollows concluded the Settlement Conference and had left the bench." (*Id.*)

III. Applicable Standards

A party may move for sanctions when its opponent fails to obey a scheduling or other pretrial order. FED. R. CIV. P. 16(f)(1). The court has wide discretion in imposing

---

[2] The declarations of Ernest Chen and Frank Sim are sworn. (ECF 42, 42-1.) The declaration of Thomas Lininger is not. Accordingly, the court disregards the declaration of Thomas Lininger. (ECF 42-2.)

sanctions. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). Instead of or in addition to sanctions, a court can order the party, its attorney, or both to pay reasonable expenses — including attorney's fees — incurred because of any noncompliance with Rule 16. FED. R. CIV. P. 16(f)(2); *see also Goss*, 6 F.3d at 1397 (upholding district court's award of fees incurred by party's corporate representative attending settlement conference when opposing party did not appear with full settlement authority; reasoning corporate representative's costs were unnecessarily incurred because of opposing party's failure to comply with court's order.)

IV.     Analysis

The court finds sanctions here are not warranted. Plaintiff has not demonstrated defendant disobeyed this court's scheduling order, the settlement judge's directives or any other Federal Rule or Local Rule. Defendant's counsel Chen has sworn he had full settlement authority at the settlement conference as required. *See* L.R. 270(f)(1). Plaintiff did not make a record at the settlement conference of any malfeasance by defendant, and the presiding magistrate judge did not issue an order to show cause or otherwise indicate any disobedience by defendant of a court order. Finally, plaintiff's actions after the settlement conference are not consonant with the bringing of the present motion for sanctions. Well before the filing of this motion, and after the settlement conference, the parties filed a stipulation to stay this case without any mention of plaintiff's preservation of a right to seek sanctions. Rather, the stipulation references the parties' participation in the settlement conference without any sniping, and reports apparently collegial plans for "cooperative exchanges of information over the next 100 days" and "additional time for continued negotiations." (ECF 27 at 2.)

Accordingly, the court DENIES plaintiff's motion for sanctions. (ECF 29).

IT IS SO ORDERED.

DATED: April 12, 2013.

_____
UNITED STATES DISTRICT JUDGE