Paul L. Rein, Esq. (SBN 43053)
Celia McGuinness, Esq. (SBN 159420)
Catherine Cabalo, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
E-mail: reinlawoffice@aol.com

Attorneys for Plaintiff
GUY JONES

Ernest Chen, Esq. (SBN 258561)
LAW OFFICES OF CHEN AND LEE
1455 Response Road, Suite 120
Sacramento, CA 95815
Telephone: (916) 564-8700
Facsimile: (916) 880-5601
Email: info@chenleelaw.com

Attorneys for Defendant
3701 J STREET, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY JONES,<br><br>　　　　Plaintiff,<br>　vs.<br><br>3701 J STREET, LLC; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No. 2:12-cv-01516-KJM-DAD<br><br>**CONSENT DECREE AND] ORDER AS TO INJUNCTIVE RELIEF, DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS** |

　　　　1.　　Plaintiff GUY JONES ("Plaintiff") filed a Complaint in this action on June 5, 2012 to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendant 3701 J STREET, LLC ("Defendant"), relating to the condition of Defendant's public accommodations as of June 5, 2010 (and earlier) and continuing.  Plaintiff has alleged that Defendant violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to its facilities at 3701 J Street, Sacramento, California.

2.	Plaintiff and Defendant (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3.	The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55**.**

4.	In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent

2

Decree and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendant that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Remedial Measures:** The corrective work agreed upon by the Parties is as follows:

        i. <u>Parking</u> – Defendant will resurface & restripe the parking lot to make it accessible and to create the requisite number of properly-configured and located accessible and van-

3

accessible stalls, including insuring a path of travel from the accessible stalls to the rear entrance to the subject building, so that no one parking in these accessible stalls will be forced to walk behind any parked car other than that person's car.

    ii. <u>Main entrance off of J Street</u>

        (a) Defendant will install an automatic door opener.

        (b) Defendant will install a wheelchair lift to allow for access up the stairs at this entrance.

    iii. <u>Accessible restroom</u> – Defendant will create an accessible unisex restroom within the building.  All other restrooms in the building will have directional signage to indicate the location of the accessible restroom created.

  b) **Timing of Injunctive Relief**:   Defendant will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 business days of the entry of this Consent Decree by the Court.  Defendant will commence work within 20 days of receiving approval from the appropriate agencies.  Defendant will complete the parking (Item 6.a.i above) and automatic door opener at the J Street entrance (Item 6.a.ii(a) above) within one year of all Parties' signatures on this Consent Decree.  Defendant will complete the accessible restroom

4

(Item 6.a.iii above) within 18 months of all Parties' signatures on this Consent Decree.  Defendant will complete the wheelchair lift (Item 6.a.ii(b) above) within 30 months all Parties' signatures on this Consent Decree.  In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or its counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendant's notice.  If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.  Defendant or its counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

    c) Defendant will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided.  If Defendant fails to provide injunctive relief on the agreed upon timetable and/or fails to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendant's failure to keep this agreement. If the Parties disagree, such fees shall be

5

set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.     The Parties have reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.  Defendant shall pay to Plaintiff the amount of $90,000 as full and final resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.  Defendant shall make three (3) installment payments as follows: (1) $25,000 on or before January 31, 2014; (2) $25,000 on or before February 14, 2014; and (3) $40,000 on or before May 28, 2014. All payments described in this paragraph shall be made by check payable to "PAUL L. REIN IN TRUST FOR GUY JONES."  Payments shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 by each stated installment due date.  A W-9 from Plaintiff's attorneys' office shall be provided to Defendant for the payments described in this paragraph.  If Defendant does not make payment as described in this paragraph by the stated due dates, the full amount remaining will be due immediately.  Plaintiff specifically reserves his right to seek additional attorney fees and costs related to delayed payment(s) by Defendant.

//

//

6

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.      This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest.  Defendant has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused

by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**DISMISSAL**

12. Within 30 days of completion of all the terms in this Consent Decree, Defendant shall prepare a dismissal with prejudice for Plaintiff's review and approval for filing with the Court.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court OR until the injunctive relief contemplated by this Order is completed and all payments described in paragraph 7 are delivered as required, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized

to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

10

| | |
|---|---|
| Dated: January 27, 2014 | PLAINTIFF GUY JONES |
| | |
| | <u>Guy Jones</u> |
| | GUY JONES |
| | |
| Dated: January 30, 2014 | DEFENDANT 3701 J STREET, LLC |
| | |
| | By: <u>Thomas D. Lininger</u> |
| | Print name: Thomas J. Lininger |
| _____ | |
| | Title: Member |
| _____ | |

APPROVED AS TO FORM:

| | |
|---|---|
| DATED: January 27, 2014 | **LAW OFFICES OF PAUL L. REIN** |
| | |
| | By: <u>/s/Catherine Cabalo</u> |
| | Catherine Cabalo |
| | Attorneys for Plaintiff |
| | GUY JONES |
| | |
| DATED: January 30, 2014 | **LAW OFFICES OF CHEN AND LEE** |
| | |
| | By: <u>/s/Ernest Chen</u> |
| | Ernest Chen |
| | Attorneys for Defendant |
| | 3701 J STREET, LLC |

11

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: February 28, 2014.

_____
UNITED STATES DISTRICT JUDGE